United States Court of Appeals,

Eleventh Circuit.

No. 96-2062.

Morgan Luther EVANS, Plaintiff-Appellee,

v.

Jenkins D. HIGHTOWER and James Mathis, and Dade City, Florida, Defendants-Appellants.

July 25, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-1307-CIV-T-23C), Elizabeth A. Jenkins, Judge.

Before BARKETT, Circuit Judge, HILL, Senior Circuit Judge, and HOWARD[*], Senior District Judge.

BARKETT, Circuit Judge:

James Mathis and Jenkins Hightower appeal the district court's denial of their motion for summary judgment on grounds of qualified immunity with respect to Morgan Luther Evans's Fourth Amendment claim under 42 U.S.C. § 1983.

The following facts were before the district court on summary judgment and are not disputed. On September 8, 1993, at approximately 8:55 p.m., Morgan Evans was walking down Robinson Avenue in Dade City, Florida, after returning a pick-up truck to his employer's house. Evans was about one block from his employer's house when James Mathis, a Dade City police officer, passed him in a patrol car. Approximately ten minutes prior to seeing Evans, Mathis was notified by police radio that an armed robbery had just occurred at St. Mary's Church, located two blocks from where Evans was walking on Robinson Avenue. Responding to the call, Mathis began patrolling the area around the church. The description of the perpetrator given to Mathis was that of a black male, approximately 5' 7" to 5' 8", 150 pounds, wearing a light blue shirt, armed with a long-barreled gun and fleeing on foot. After passing Evans, Mathis immediately backed up, stopped, and ordered Evans to stop. Evans, a black male, 5' 9", weighing approximately 135 pounds, was wearing a grey

[*]Honorable Alex T. Howard, Jr., Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

shirt. Evans asked Mathis why he was stopped and Mathis informed him that he fit the description of an armed robbery suspect. Mathis then ordered Evans down to the ground. Evans complied, volunteering his name, social security number, date of birth, the name of his employer, and an explanation of why he was in the vicinity. Evans offered to take Mathis back to his employer's house to verify his story. Mathis removed his gun, ordered Evans to lie down in the middle of Robinson Avenue in an "X" position with his arms and legs extended, and called for back-up. Mathis testified at his deposition that this order to lie on the ground was given to ensure his safety while he waited for assistance, as the suspect was reportedly armed. Responding to Mathis's call, Jenkins Hightower, also a Dade City police officer, approached Robinson Avenue and ran over Evans with his patrol car. As a result, Evans sustained serious injuries to his right foot and right elbow. The time of ightower's response to Mathis's call was within five to ten minutes.

Evans filed suit under § 1983, alleging a violation of his Fourth Amendment right to be free from unreasonable seizures. Pendent to these federal claims, Evans alleged state claims of battery, false arrest and negligence. Mathis and Hightower filed a motion for summary judgment claiming qualified immunity, which the district court denied.[1] This appeal followed.[2]

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This Circuit applies a two-part analysis to a defense of qualified immunity. First, the defendant government official must prove that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred. *Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir.1995). If the defendant meets this burden, the plaintiff must then demonstrate that the defendant violated

[1]At oral argument, Evans conceded that for purposes of qualified immunity the evidence against Hightower was only that of negligence and Hightower was entitled to qualified immunity. Therefore, we reverse the denial of qualified immunity as to Hightower. Thus, we only address Mathis's conduct.

[2]We review a district court's denial of summary judgment based on qualified immunity de novo. *Johnson v. Clifton,* 74 F.3d 1087, 1090 (11th Cir.1996).

clearly established law based upon objective standards. *Id.* In order to meet this burden, the plaintiff must demonstrate that the contours of his right were sufficiently clear so that reasonable officers would have understood that their actions violated his rights. *Swint v. City of Wadley,* 51 F.3d 988, 995 (11th Cir.1995) (citing *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

In order to establish a Fourth Amendment violation, Evans must demonstrate that a seizure occurred and that it was unreasonable. *Brower v. County of Inyo,* 489 U.S. 593, 599, 109 S.Ct. 1378, 1382-83, 103 L.Ed.2d 628 (1989). A seizure occurs when an officer restrains the freedom of a person to walk away. *Tennessee v.Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 1694-99, 85 L.Ed.2d 1 (1985). The essence of Evans's claim is that Mathis effectuated an unreasonable seizure by holding Evans at gunpoint while a patrol car ran over him. Evans also alleges that he was arrested by virtue of being run over, and that the arrest was not supported by probable cause. Evans's claims are unavailing because restraining a citizen's freedom for purposes of the Fourth Amendment must be effectuated "*through means intentionally applied.*" *Brower,* 489 U.S. at 597, 109 S.Ct. at 1381 (emphasis in original). The unintentional consequences of lawful government action cannot form the basis for a Fourth Amendment violation. *Id.* at 596, 109 S.Ct. at 1381; *Ansley v. Heinrich,* 925 F.2d 1339, 1344 (11th Cir.1991) (holding that negligence, alone, absent any intentional government conduct, cannot form the basis of a claim under § 1983 premised on the Fourth Amendment).

In this case, Evans failed to offer any evidence that the act of running him over with a patrol car was intended as a means to seize him. In fact, Evans was seized prior to being hit by the car. He was seized when Mathis ordered him at gunpoint to lie on the ground. The act of being run over by Hightower's car was not part of the seizure, but was rather, "the accidental effect[ ] of otherwise lawful government conduct." *Brower,* 489 U.S. at 596, 109 S.Ct. at 1381. This record shows only that Mathis was negligent and is devoid of any evidence that Mathis intended that Hightower's car strike Evans. Therefore, Mathis is entitled to qualified immunity. Accordingly, we REVERSE and REMAND for proceedings consistent herewith.