NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0026n.06

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

No. 13-1037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK C. LOMBARDO, JR., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KEVIN C. ERNST, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

**BERNICE B. DONALD, Circuit Judge.** Plaintiff, Mark C. Lombardo, Jr., sued Defendant, Officer Kevin C. Ernst, under 42 U.S.C. § 1983 for injuries he sustained when a motorist struck both parties as Ernst detained Lombardo near the center-turn lane of a street in Sterling Heights, Michigan. Lombardo alleges that Ernst's actions violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Ernst moved for summary judgment on both claims, asserting the defense of qualified immunity. Ruling orally from the bench, the district court held as a matter of law that Lombardo could not pierce Ernst's qualified immunity on the Fourteenth Amendment claim. The district court also held that Lombardo raised a genuine issue of material fact on the Fourth Amendment claim and denied Ernst qualified immunity on that claim.

Ernst timely appealed, arguing that the district court's application of the Fourth Amendment constitutes reversible error and that he is entitled to qualified immunity as a matter of law. Because

the Fourth Amendment does not apply to the accidental effects of otherwise lawful government action, we **REVERSE** the district court and **REMAND** with instructions to grant summary judgment in favor of Ernst.

I.

On July 11, 2011, Mark C. Lombardo, Jr. and his friend Shane Scott decided they would go "car hopping," or breaking into cars to steal things out of them. Lombardo and Scott eventually noticed a police officer behind them during their car-hopping and decided to split up and run. Lombardo and Scott were on Van Dyke Road, near the border between the cities of Utica and Sterling Heights, Michigan, so a Utica police officer requested assistance from Sterling Heights. Officer Kevin C. Ernst of Sterling Heights responded to aid in the apprehension of the suspects.

By the time Ernst arrived, a Utica police officer had detained Scott already. The police convinced Scott to call Lombardo on the phone and induce him to meet somewhere in the vicinity so they also could apprehend Lombardo. Ernst then saw the silhouette of an individual, Lombardo, beginning to cross Van Dyke Road on the bridge over the Clinton River. Ernst drove his patrol car north on Van Dyke to approach the figure in the road, without his overheard lights engaged but using his spotlight.

Ernst parked his patrol car close to the center-turn lane of the five-lane road, illuminated Lombardo with his spotlight, and then got out of his patrol car. Ernst instructed Lombardo to stop, but Lombardo continued walking casually into the southbound lanes of Van Dyke Road. Ernst then

grabbed Lombardo's left arm. As Ernst was leading Lombardo to the back of the patrol car by his arm, Lombardo began squirming and questioning the reason for Ernst's actions. At first, Lombardo was not aggressive, but, as the two neared the back of the patrol car, Lombardo became more agitated and began trying to pull his arm away from Ernst. At this point, Ernst tried to handcuff Lombardo. Because of Lombardo's long sleeve shirt and the rainy weather, Ernst had some difficulty with this task. Before Ernst could finish putting the handcuffs on Lombardo, both men were struck by a passing motorist.

## II.

Lombardo filed suit under 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights under the Fourth and Fourteenth Amendments. The district court denied Ernst qualified immunity on the Fourth Amendment claim. The Supreme Court has held such action constitutes a final, appealable order under 28 U.S.C. § 1291 so long as the appeal deals only with issues of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We therefore properly exercise jurisdiction over the instant appeal to decide issues of law. This Court reviews de novo the district court's legal conclusion regarding the applicability of the Fourth Amendment. *See Lanman v. Hinson*, 529 F.3d 673, 679 (6th Cir. 2008).

## III.

The Fourth Amendment to the United States Constitution provides in pertinent part: "The right of the people to be secure . . . against unreasonable . . . seizures, shall not be violated . . . ."

U.S. Const. amend. IV.  Lombardo argues that this constitutional provision applies because Ernst

ignored the risk of oncoming traffic, and so the manner of the seizure was unreasonable.  *See Phelps*

*v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002).  Ernst argues that the Fourth Amendment is not applicable

because Lombardo does not dispute the legality of his initial detention or make any allegation that

Ernst used excessive force.  *See Davis v. Brady*, 143 F.3d 1021, 1026 (6th Cir. 1998).

The Supreme Court has held that the Fourth Amendment is not the proper constitutional

provision to seek redress for "the accidental effects of otherwise lawful government conduct."

*Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989).  This is exactly what Lombardo seeks to

accomplish in the present suit.  Lombardo does not argue that Ernst lacked probable cause to detain

him or that Ernst used excessive force while effectuating his detention.  Lombardo instead seeks to

hold Ernst accountable for the poor driving of a passing motorist.  The Fourth Amendment and

§ 1983 are not the proper vehicles for such a suit.

Several of our sister circuits have relied on the Supreme Court's decision in *Brower* to hold

that merely negligent conduct by government actors is insufficient to create Fourth Amendment

liability under § 1983.  *See, e.g.*, *Medeiros v. O'Connell*, 150 F.3d 164, 169 (2d Cir. 1998); *Evans*

*v. Hightower*, 117 F.3d 1318, 1321 (11th Cir. 1997); *Rucker v. Harford Cnty.*, 946 F.2d 278, 281

(4th Cir. 1991).  In *Evans v. Hightower*, the Eleventh Circuit confronted a somewhat analogous

factual situation.  117 F.3d at 1318.  Mathis, a police officer, detained Evans, the plaintiff, because

Evans somewhat matched the description of a suspect who had just committed an armed robbery in

the area.  *Id.* at 1320.  Mathis ordered Evans to lie down on the ground in the "in the middle of

Robinson Avenue in an 'X' position with his arms and legs extended, and called for back-up." *Id.*

When Hightower, another police officer, arrived on the scene, he ran over Evans with his patrol car,

causing serious injuries to Evans's right foot and right elbow. *Id.*

> The *Evans* court reasoned that
>
> Evans failed to offer any evidence that the act of running him over with a patrol car was intended as a means to seize him. In fact, Evans was seized prior to being hit by the car. He was seized when Mathis ordered him at gunpoint to lie on the ground. The act of being run over by Hightower's car was not part of the seizure, but was rather, "the accidental effect[ ] of otherwise lawful government conduct." This record shows only that Mathis was negligent and is devoid of any evidence that Mathis intended that Hightower's car strike Evans.

*Id.* at 1321 (citation omitted) (quoting *Brower*, 489 U.S. at 596). Similarly here, Lombardo has not

presented any evidence that Ernst intended Lombardo to have any contact with an oncoming vehicle.

Ernst's actions, including telling Lombardo to "stop, don't move," grabbing Lombardo's shirt sleeve,

and attempting to place Lombardo in handcuffs, unquestionably constituted a seizure, but—like

Mathis—Lombardo already had been seized lawfully when he was struck by the passing motorist.

Because Lombardo does not challenge the legality of that seizure, we hold that the Fourth

Amendment does not apply to his § 1983 claim.

IV.

Because the Fourth Amendment does not apply to the accidental effects of otherwise lawful

government action, we **REVERSE** the district court and **REMAND** with instructions to grant

summary judgment in favor of Ernst.